[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This matter, a dispute between a landlord and tenant, came before the court on a prejudgment remedy hearing. The parties entered into an agreement that if their dispute, currently in arbitration, resulted in an award for the plaintiff, a prejudgment remedy order would enter in favor of the plaintiff in that amount, without hearing. The arbitrator's issued an award, pendente lite, for which an amount in favor of plaintiff, and, a prejudgment remedy order issued forthwith. That order was vacated upon a court finding that the arbitrators had no authority to issue an interim order. The plaintiff, then, re-issued its right to seek a prejudgment remedy; a hearing was held on plaintiffs application. Further, defendant seeks the return of its property levied upon by the attachment order vacated. It became clear in the hearing that in defense of the matter, the defendant, Interiors of Yesterday, LLC was relying on a particular CT Page 606 interpretation of the lease between the parties. The court, by agreement of the parties, suspended the hearing, to allow them to argue and brief, and the court then rule on this legal issue raised by the defendant regarding the lease.
In the prejudgment remedy hearing, the plaintiff is seeking security for claims of past due rent, use and occupancy payments, utilities payments, and also attorney's fees, costs, interest and the costs of arbitrators. (The lease requires all disputes between the parties to be arbitrated.)
The tenant claims that the landlord has failed to comply with a certain lease provision which tenant claims, as a threshold matter, must be complied with before rent, or other financial obligations of the tenant to the landlord became due. The provision asserted states, "Second. — The Tenant covenants and agrees to use the demised premises as a decorating shop, specializing in the Victorian Era with quality antiques, vintage oriental rugs, art and accessories."
The parties stipulate, for purposes of determining this issue, that the premises did not have authorization from the Town of North Haven to be utilized as such a shop at the time the lease was entered into, and for a period of time into the term of the lease. When the building was fully authorized by the Town is subject to some dispute between the parties. However, they agree that it was after the time when defendant ceased paying rent. Therefore, the key issue of whether the defendant was in breach of the lease, or had no duty to make payments under the lease until the building's uses contemplated by the defendant pursuant to the lease were authorized by the Town of North Haven, must be preliminarily decided.
Plaintiff points to the following lease clauses in rejecting defendant's argument. "Fifth. — The Tenant has examined the demised premises, and accepts them in their present condition (except as otherwise expressly provided herein) and without any representations on the part of the Landlord or its agents as to the present and future condition of the said premises. The Tenant shall keep the demised premises in good condition, and shall redecorate, paint and renovate the said premises as may be necessary to keep them in good repair and good appearance. . . ."
"Twelfth. — The Tenant agrees to observe and comply with all laws, ordinances, rules and regulations of the Federal, State, County and Municipal authorization applicable to the business to be conducted by the Tenant in the demised premises. . . ."
This is a commercial lease. The demised premises are 521 Washington CT Page 607 Avenue, North Haven, Connecticut. The lease grants the tenant permission from the landlord to use the premises for a decorating shop. The lease contains no obligation on the landlord to obtain permission for the same from the Town; instead, it imposes an obligation on the tenant to comply with municipal rules and regulations. Therefore, pursuant to the lease, the landlord has no duty to assume that obligation.
"A term not expressly included will not be read into a contract unless it arises by necessary implication from the provisions of the instrument." Texaco, Inc. v. Rogow, 150 Conn. 401, 408, 190 A.2d 48
(1963), and see Restatement (Second), Contracts 230 (Tentative Draft 1973). . . . It is hornbook law that courts do not rewrite contracts for the parties. Collins v. Sears, Roebuck Co., 164 Conn. 369, 373-74,321 A.2d 444 (1973); Connecticut Union of Telephone Workers v. SouthernNew England Telephone Co., 148 Conn. 192, 200, 169 A.2d 646 (1961)."Heyman v. CBS, Inc., 178 Conn. 215, 225, 423 A.2d 887 (1979).
The defendant's argument fails and therefore the issue of the prejudgment remedy must again be considered by the court. The matter is set down to complete the hearing on February 4, 2002 at 9:30 A.M.
The Court
 By ___________________ Munro, J.